### DONKIN et al. v. HERBST et al.

### HERBST et al. v. DONKIN et al.

#### (Circuit Court of Appeals, Second Circuit. May 23, 1893.)

1. CHARTER PARTY—VESSEL OUTSIDE CHARTER LIMITS—MASTER, CHARTERERS' AGENT — HEALTH LAWS —CHARTERERS' DUTY TO PROCURE CLEAN BILL OF HEALTH.

The charterer of a vessel running under a time charter from the river Platte to the United States or the United kingdom or Europe made a subcharter, which provided that the ship should go outside her charter limits, and take a cargo from Progresso, Mexico. The charter provided that the master, though appointed by the owner, should be under the orders of the charterer. The ship went from Buenos Ayres, an infected port, to Progresso, where the health officer refused her admittance. The ship then went to Key West, where the master telegraphed the charterer that he could not return to Progresso without a clean bill of health from some .other place. The vessel on the same day was put in quarantine at Key West for 30 days. After some further telegrams, the charterer ordered the ship to return to Progresso immediately. After the vessel was ready for sea, with steam up, and anchor chain short, the charterer telegraphed to have the papers viseed by the Spanish consul, to which the master replied, "Too late," and went to Progresso, where he was again refused admittance, and, after much consequent delay, the charter was terminated. The charterers declined to pay the charter hire, averring that they had suffered damage by reason of the master's failure to obtain the vise, and, on being sued for the charter money, brought a cross suit to recover such damages. *Held,* that the owners were under no obligation to obtain clean health papers for Progresso, since they never authorized the ship to go there; that the master was the charterers' agent in respect thereto; and that the master's defaults, if any, did not become the faults of the owners. 49 Fed. Rep. 379, affirmed.

2. SAME.

It appearing also that the final refusal to permit the ship to enter at Progresso was not due to the lack of the vise, but because she came from an infected port, and without a clean bill of health, for which the owners were not responsible, the charterers' claim of damages must be dismissed, and the ship recover her charter money. 49 Fed. Rep. 379, affirmed.

Appeal from the District Court of the United States for the Southern District of New York.

In Admiralty. Libel by Richard S. Donkin and others against Robert Herbst and others to recover the charter hire of the steamer Shadwan, and a cross libel by respondents to recover damages for a failure of the master to obey the charterers' orders. There was a decree for libelants in the court below. See 49 Fed.

Rep. 379, for the opinion of Judge Brown, which is practically adopted by this court. Affirmed.

Ed. L. Owen, for appellants.

Mr. Mynderse, for appellee.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

PER CURIAM. We agree with the opinion of Judge Brown in these causes, and affirm the decree in each, with costs to the appellee.